# W. H. HAY & CO. v. JOE PIERCE.

Middle Section. October 16, 1928.

No petition for Certiorari was filed.

E. C. Knight and C. J. Cullom, of Livingston, S. M. Turner, of Byrdstown and Roberts & Roberts, of Nashville, for appellants.

E. D. White, of Livingston, for appellee.

FAW, P. J.  This suit was begun by bill filed in the Chancery Court of Pickett county on February 23, 1927.  The complainants are W. H. Hay, T. P. Moredock, E. D. Marcum and J. B. Craft, all citizens and residents of Clay county, Tennessee, doing business as a partnership under the name and style of W. H. Hay & Company. The defendant, Joe Pierce, is a citizen and resident of Pickett county, Tennessee.

On or about February 8, 1927, the complainants bought from defendant ninety-nine hogs, at and for the price of $1068.72.  These hogs were bought after inspection by complainants Hay and Moredock (acting for the complainant partnership) at the home of defendant Pierce in Pickett county, and were promptly transported, by truck, to the home of complainant in Clay county,—the transportation occupying about twenty-four hours.  Shortly after their arrival at the home of complainants some of the hogs became sick with cholera and within a few weeks a large number of them died of that disease.

Complainants brought this suit to recover damages for the loss of the hogs which thus died, and the expenses incurred by complainants in the care and treatment of the sick hogs. In their bill complainants predicated their alleged cause of action upon two grounds, viz.: that defendant warranted the hogs to be sound and immune from cholera and that the warranty was breached, in that, the hogs were not sound but were "diseased with cholera" at the time defendant sold them to complainants, and (2) that defendant falsely and fraudulently represented to complainants that the hogs were sound, and thus induced complainants to buy the hogs, when, as a matter of fact, they were not sound and were known by defendant to be unsound.

By plea and answer the defendant denied the averments of the bill above stated and demanded a jury to try the issues of fact raised by the pleadings.

Three issues were submitted to a jury, as follows:

(1) Did the defendant Joe Pierce expressly warrant soundness of the ninety-nine head of stock hogs in controversy at the time of the trade?

(2) Was the defendant Pierce guilty of any fraud or deceit with respect to the sale of the ninety-nine hogs in controversy?

(3) What damages, if any, have the complainants sustained by reason of the breach of the warranty or by reason of the fraud or deceit of the defendant?

The answer of the jury was "No" to the first and second issues, and (for obvious reasons) the jury made no response to the third issue.

A motion for a new trial on behalf of complainants was overruled, and thereupon the Chancellor sustained a motion of defendant for judgment on the verdict, and adjudged that complainants failed to sustain the averments of their bill, and the suit was dismissed at the cost of complainants and the sureties on their prosecution bond. By the final decree the Chancellor also abated an attachment and dissolved an injunction that had been obtained by complainants at the time of the institution of the suit.

The complainants appealed to this court and they say here, through assignments of error, that (1) there is no material or substantial evidence in the record to sustain the verdict of the jury upon the first issue of fact; (2) there is no material evidence in the record to sustain the verdict of the jury upon the second issue of fact; (3) the verdict of the jury, upon the record, is the result of passion, prejudice or caprice; and (4) the court erred in dismissing the bill and in taxing complainant with the cost of the case, for the reasons assigned in the first three assignments of error above.

We find that there was material evidence upon which the jury could have based their findings that defendant Pierce did not expressly warrant the soundness of the hogs in controversy at the time of the trade, and (2) that defendant Pierce was not guilty of any fraud or deceit with respect to the sale of the hogs in controversy.

The finding just stated seems so obvious from a reading of the testimony of the defendant and his witnesses that we see no occasion to extend this opinion by stating the testimony.

The chief insistence of complainants, in support of their assignments of error, is that the statement made by defendant to complainants Hay and Moredock that, with the exception of fifteen or twenty of them, the hogs sold by defendant to complainants had been "vaccinated" and were "vaccinated hogs," was equivalent to an affirmation that the hogs were immune from cholera. The contention of complainants on this point may be seen from an excerpt from the brief of their counsel, as follows:

"At the outset, we call the court's attention to the fact that all the participants in this transaction agreed that the defendant Pierce told the complainants at the time of the trade and immediately before it was concluded, that these hogs had been vaccinated, all of them but a few, perhaps about fifteen.

"This statement had a definite and well-defined meaning, which needs no construction by a jury, for the reason that it makes a contract which the court itself must construe. In other words, these parties agreed that these hogs had been vaccinated, meaning thereby that they not only did not then have cholera but that they were immune from this disease. What else could it have meant? The verdict of the jury does not really go to this question—it does not go deep enough. Perhaps the court intended to submit to the jury the question of fact as to what the parties meant by this statement made by defendant Pierce and accepted by the purchasers of the hogs; but, if so, that was wholly beside the real question. It was the duty of the court to take this definite statement, which both the complainants who were present and made the trade state was made by defendant, and which defendant himself admits he made.

"So, upon one of the real issues in the case there is no dispute at all. What does this defendant mean when he told complainants that the hogs he was selling them had been vaccinated, if he did not mean that they did not have cholera, but also, that they were immune to cholera? It made the hogs much

more desirable as feeders, than they would have been if they had not been vaccinated, and therefore immune.

"The expression that the hogs had been vaccinated necessarily carried with it the meaning that they had been vaccinated properly and with vaccine commonly used by veterinarians in the successful immunization from cholera."

The defendant's representation to complainants that all of the hogs, except fifteen or twenty, had been vaccinated, was an "affirmation of fact" which had a natural tendency to induce the complainants to purchase the hogs, and was an express warranty as defined by section 12 of chapter 118, Acts of 1919 (The Uniform Sales Act); but it was merely a warranty that the hogs (with the exception named) had been vaccinated, and there was no breach of this warranty, for the truth of defendant's representation in this respect was shown by ample proof.

We cannot yield our assent to the proposition advanced on behalf of complainants, that a representation that the hogs had been vaccinated was the equivalent of a representation that they were immune from cholera, for this would be to hold that vaccination is an infallible preventive of hog cholera, and the record would not support such finding.

It is a matter of general notoriety and common knowledge that vaccination is extensively practiced by veterinarians for the purpose of preventing hog cholera and that it is in large measure effective in producing the result intended; but we think it is equally a matter of common knowledge that vaccinated hogs sometimes die of the cholera.

Where hogs have been vaccinated by one possessing reasonable skill in the art of vaccination and using virus and serum procured from a reputable manufacturer or dealer, and such hogs are thereafter sold with a warranty that they have been vaccinated, there is no breach of the warranty merely because the hogs develop cholera and die of that disease after delivery to the purchaser.

According to defendant's evidence, the hogs in question had been vaccinated as represented, and defendant did not know and had no reason to suspect that any of them were infected with cholera at the time he sold and delivered them to the complainants. Complainants Hay and Moredock and defendant Pierce were all experienced hog dealers, and Hay and Moredock inspected the hogs in question immediately before they bought them. Upon the facts of the record there was no implied warranty that the hogs were sound and free from cholera. Goad v. Johnson, 6 Heisk., 340; Zielinski v. Potter (Mich.), L. R. A. 1917D, 922, and Annotation thereto, pp. 823-826.

442

It results that complainants' assignments of error are overruled and the decree of the chancery court dismissing complainants' suit at their cost is affirmed. The costs of the appeal will be ·adjudged against the complainants and the surety on their appeal bond.

Crownover and DeWitt, JJ., concur.